United States District Court
Southern District of Texas
**ENTERED**
June 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BHAVANABEN HETALKUMAR PATEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-324 |
| | § | |
| WARDEN, EL VALLE DETENTION CENTER, | § | |
| *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Bhavanaben Hetalkumar Patel is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  She bases her habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments.  In light of that decision, the Court ordered Petitioner to file a Statement in support of her claims. (Order, Doc. 3) Petitioner timely complied with the order. (*See* Statement, Doc. 4)

Based on the record and the applicable law, the Court concludes that Petitioner does not present a viable habeas claim.

## I.    Due Process Claim

Petitioner contends that the Fifth Amendment's Due Process Clause prohibits indefinite or prolonged civil detention without an individualized determination for individuals such as herself, and that Respondents violate this principle by detaining her under Section 1225(b)(2)(A) without an opportunity to seek bond. (Pet., Doc. 1, ¶¶ 84–89)  Other courts have considered and

1 / 4

rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1] Petitioner seeks to distinguish those cases, (*see* Statement, Doc. 4), but the Court finds the proposed distinctions unpersuasive. For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate her due process rights under the Fifth Amendment.

Petitioner also alleges an as-applied challenge, emphasizing her particular circumstances, including her length of residence within the United States and her prior release from immigration detention under Section 1226(a). But she presents no authority to support her claim that these circumstances present a viable as-applied due process challenge. In addition, Section 1225(b)(2)(a) authorizes her continued detention, as *Buenrostro* recognized.

Petitioner additionally alleges that having initially detained her under Section 1226, and through which she obtained release, Respondents cannot reclassify and detain her under Section 1225(b)(2)(A) without notice or other procedural protections, including a bond hearing. (Statement, Doc. 4, 6–7)

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–*see, e.g.*, *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

As *Buenrostro* explained, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes. *Buenrostro-Mendez*, 166 F.4th at 503. The Fifth Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Id.* at 507. Here, while the United States initially detained Petitioner under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising their authority under Section 1225, which, under *Buenrostro*, has applied to Petitioner since she entered the country without being admitted or paroled.

Ultimately, Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forego applying Section 1225 to her. But no statutory or regulatory provision, and no constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted." Thus, any alien has the opportunity to demonstrate clear entitlement to admission, thus avoiding the statute's mandatory detention provision. Here, Petitioner does not assert that she could make such a showing or that she was prevented from attempting to do so.

## II.    APA Claim

Petitioner relies on the APA, alleging that Respondents may not detain him under Section 1225 because "Respondents' application of § 1225(b)(2) to Petitioner contradicts the statutory scheme [of the Immigration and Nationality Act] and departs from decades of consistent agency interpretation" and that "Respondents failed to comply with the APA by adopting and enforcing a new policy that reclassified individuals like Petitioner as subject to mandatory detention under § 1225(b)(2), without any rulemaking, notice, or opportunity to comment." (Pet., Doc. 1, ¶ 83, 86)

Assuming that Petitioner can present an APA claim in habeas, the claim fails.  The Fifth Circuit has found the challenged statutory construction acceptable, and this Court has concluded that Petitioner has no viable due process claim.  As a result, Petitioner cannot demonstrate that Respondents have violated any statute or regulation in a manner that violates the APA.

### III.  Conclusion

For these reasons, the Court concludes that Petitioner is not entitled to the relief that she requests.

Accordingly, it is:

**ORDERED** that Petitioner Bhavanaben Hetalkumar Patel's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on June 4, 2026.

Fernando Rodriguez, Jr.
United States District Judge